```
1   WALTER L. DAVIS, ESQ. (098513)
    22320 Foothill Blvd., Suite 600
2   Hayward, CA 94541
    Tel: (510) 888-9040
3
    Attorney for Plaintiff
4
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW BOYD, | Case No. **CV 07-03595 JCS** |
| Plaintiff, | COMPLAINT FOR DAMAGES<br>(Negligence) |
| v. | DEMAND FOR JURY TRIAL |
| LAWRENCE KAM, | |
| Defendant. | |
| _____/ | |

## I. JURISDICTION

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

## II. VENUE

2. Venue is in the United States District Court, Northern District of California, under 28 U.S.C. § 1391(b) by reason of the fact that the claims of Plaintiff arose in this district.

## III. NATURE OF THE PROCEEDINGS

3. This is an action for damages based upon the negligent operation of a motor vehicle by Defendant KAM which collided on July 14, 2005 into the rear of an automobile driven by Plaintiff BOYD.

4. Plaintiff seeks compensatory and special damages..

## IV. PARTIES

5. At all times herein mentioned, Andrew BOYD was a citizen of the State of Massachusetts.

6. At all times herein mentioned, Defendant Lawrence KAM was a citizen of the State

of California.

## V.  FACTS UPON WHICH CLAIM FOR RELIEF IS BASED

7. On or about July 14, 2005, Plaintiff Andrew BOYD was driving his automobile on northbound I880 near milepost 880 ALA 13.67 in Union City, County of Alameda.

8. At that time and place, Defendant KAM was driving his automobile also northbound on I880, traveling behind Plaintiff's automobile.

9. Plaintiff alleges that Defendant was proceeding at 65 m.p.h. at a distance of approximately 20 feet behind Plaintiff. The traffic began to slow and eventually came to a stop. Plaintiff had been stopped for a brief period of time and was then struck in the rear by Defendant.

10. Plaintiff contends that Defendant operated his vehicle in such a negligent, careless, or reckless manner so as to cause it to collide into the rear of Plaintiff's automobile.

## VI. FIRST CAUSE OF ACTION
### [Negligence]

11. Plaintiff incorporates each and every allegation as set forth above and repeats and repleads such allegations hereinafter with the same force and effect.

12. Defendant had a legal duty to Plaintiff not to pursue the course of conduct as alleged, *supra*.

13. Defendant, by pursuing the course of conduct as alleged *supra*, breached his legal duties to Plaintiff.

14. Defendant's conduct, as alleged herein, was a substantial factor in causing Plaintiff to sustain injury to his body, psyche, and nervous system, all of which have caused and continue to cause Plaintiff mental and physical pain and suffering all to his damage in a sum in excess of $500,000, exclusive of interest and costs.

15. As a further substantial factor arising from the aforesaid conduct of Defendant, Plaintiff was compelled to and did employ the services of physicians, counselors, attendants, assistants and the like to care for and treat him and did incur hospital, medical, professional and incidental medical expenses for the same purpose.

16. As a further substantial factor arising from the aforesaid conduct of the Defendant, Plaintiff was prevented, or will be prevented, from engaging in his usual occupation and activities, thereby sustaining a loss of income, the duration and extent of which is yet undetermined.

## VII.  RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. General damages in excess of $500,000;
2. Special damages according to proof at trial; and,
3. For such other relief as this Court deems just.

DATED: July 11, 2007

                              ___/S/_____
                              WALTER L. DAVIS
                              Attorney for Plaintiff

## VIII.  JURY DEMAND

Pursuant to Rule 38 of Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

DATED: July 11, 2007

                              ___/S/_____
                              WALTER L. DAVIS
                              Attorney for Plaintiff